## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **RICK HARTMAN,** individually and on behalf of all others similarly situated, | : | **CIVIL ACTION NO.** |
| | : | |
| | : | **CLASS ACTION COMPLAINT** |
| Plaintiff, | : | **FOR VIOLATIONS OF FEDERAL** |
| | : | **SECURITIES LAWS AND THE** |
| v. | : | **COMMON LAW OF DELAWARE** |
| | : | |
| **PATHMARK STORES, INC.,** | : | |
| **WILLIAM J. BEGLEY, WARREN F.** | : | |
| **BRYANT, DANIEL H. FITZGERALD,** | : | |
| **EUGENE M. FREEDMAN, BRUCE** | : | |
| **HARTMAN, JAMES L. MOODY, JR.,** | : | |
| **EILEEN R. SCOTT, AND FRANK G.** | : | |
| **VITRANO,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

Plaintiff, Rick Hartman ("Plaintiff"), individually and on behalf of all other persons similarly situated, by its undersigned attorneys, for its complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through its attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases and news articles published by and regarding Pathmark Stores, Inc. ("Pathmark" or the "Company"), and information obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.    This is a federal class action on behalf of beneficial holders of the common stock of Pathmark as of May 6, 2005, who were entitled to vote in the Special Meeting of Stockholders that took place on June 9, 2005, seeking to pursue remedies under the Securities and Exchange Act of 1934 (the "Exchange Act"), and under the common law of corporations of the State of Delaware for breaches of fiduciary duty owed such persons by the individual defendants.

## JURISDICTION AND VENUE

2.    The claims asserted herein arise under and pursuant to Sections 14 and 20(a) of the Exchange Act, 15 U.S.C. §§ 78n and 78t(a), and the common law of Delaware.

3.    This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the Exchange Act (15 U.S.C. § 78aa), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(d). The amount in controversy exceeds $5 million, and some members of the Class are citizens of different states than some Defendants. In particular, Plaintiff Rick Hartman is a citizen of a different state than Defendant Pathmark.

4.    Venue is proper in this Judicial District pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b). Many of the acts and transactions alleged herein, including the dissemination of materially false and misleading information, occurred in substantial part in this Judicial District. Additionally, defendant Pathmark is a Delaware corporation and operates four supermarkets in this District.

5.    In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not

2

limited to, the United States mails, interstate telephone communications and the facilities of a national securities exchange.

## PARTIES

6.      Plaintiff Rick Hartman, as set forth in the accompanying certification, attached hereto and incorporated by reference herein, held Pathmark common stock at all times relevant hereto, including before and on May 6, 2005, and has continued to hold such shares to this date.  He is a citizen of Colorado.

7.      Defendant Pathmark is a Delaware corporation with its principal executive offices located in Carteret, New Jersey.  It operates 142 supermarkets in Delaware, New Jersey, New York and Pennsylvania.

8.      Defendants William J. Begley, Warren F. Bryant, Daniel H. Fitzgerald, Eugene M. Freedman, Bruce Hartman, James L. Moody, Jr., Eileen R. Scott, and Frank G. Vitrano were members of the Board of Directors of Pathmark at all relevant times.  Each approved the May 9, 2005 Proxy Statement, and each of the updated Proxy Statements issued in May and June, 2005.  Each was informed of the June 1, 2005 proposed transaction described below at the time it was proposed. These directors are collectively referred to hereinafter as the "Individual Defendants."  Each of the Individual Defendants, as directors of Pathmark, were privy to non-public information concerning its business, finances, products, markets and present and future business prospects via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at meetings of the Company's management and its Board of Directors and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or recklessly

3

disregarded the fact that material facts specified herein had not been disclosed to, and were being concealed from, Pathmark's stockholders and the investing public generally.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

9.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all those who were beneficial holders of Pathmark common stock as of May 6, 2005 and were therefore eligible to vote in the Special Meeting of Stockholders held on June 9, 2005, and whose rights as stockholders of Pathmark were violated by the Defendants' violations of the Exchange Act and by the Individual Defendants' breach of their fiduciary duties owed members of the Class as alleged herein. Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

10.     The members of the Class are so numerous that joinder of all members is impracticable. At all relevant times, Pathmark common stock was actively traded on the NASDAQ national market, and 30,071,192 common shares were eligible to vote at the stockholders' meeting on June 9, 2005. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Pathmark or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

4

11.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the

Class are similarly affected by Defendants' wrongful conduct in violation of federal and state law

complained of herein.

12.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has

retained counsel competent and experienced in class and securities litigation.

13.    Common questions of law and fact exist as to all members of the Class and predominate over

any questions solely affecting individual members of the Class.  Among the questions of law and fact

common to the Class are:

       a.     whether Defendants violated the federal securities laws as alleged herein;

       b.     whether the Proxy Statements distributed by Defendants to the investing public misrepresented material facts about the transactions that had offered to Pathmark;

       c.     whether Defendants breached their fiduciary duties in their negotiations and communications regarding the Yucaipa Transaction (as hereinafter defined and described); and

       d.     to what extent the members of the Class have sustained damages and the proper measure of damages.

14.    A class action is superior to all other available methods for the fair and efficient adjudication

of this controversy since joinder of all members is impracticable.  Furthermore, as the damages

suffered by individual Class members may be relatively small, the expense and burden of individual

litigation make it impossible for members of the Class to individually redress the wrongs done to

them.   There will be no difficulty in the management of this action as a class action.

### SUBSTANTIVE ALLEGATIONS

15.    On May 6, 2005, Defendants caused Pathmark to issue a Definitive Proxy Statement to

shareholders of record as of May 6, 2005, seeking approval of a proposed transaction whereby The

Yucaipa Companies LLC ("Yucaipa") would invest $150 million cash in Pathmark, in exchange for:

a.   20,000,000 shares of Pathmark common stock;

b.   Class A warrants to purchase 10,060,000 additional shares at $8.50 per share; and

c.   Class B warrants to purchase 15,046,350 additional shares at $10.46 per share.

According to the Proxy Statement, using widely accepted methods of valuing warrants, Pathmark's financial advisor calculated that Yucaipa was paying an implied value of between $6.77 and $7.17 per share for the Pathmark common stock.

16.   The terms of this investment had been set forth in a Purchase Agreement between Yucaipa and Pathmark dated March 23, 2005, and were subject to approval of Pathmark shareholders. If shareholders approved this transaction (the "Yucaipa Transaction"), its consummation would result in Yucaipa owning between 40 and 50% of the outstanding shares of Pathmark, depending on whether Yucaipa exercised the warrants. The Yucaipa Transaction provided no direct payment to Pathmark's existing shareholders.

17.   The Purchase Agreement for the Yucaipa Transaction included a "force the vote" provision which precluded Pathmark's directors from deferring or cancelling the vote on the Yucaipa Transaction, even if they concluded that the Yucaipa Transaction was no longer in the best interest of shareholders. The Purchase Agreement also required that shareholders consider only the Yucaipa Transaction, and no alternatives, at the Special Shareholders Meeting.

18.   The Board of Directors of Pathmark recommended that shareholders vote for the Yucaipa Transaction.

19.   Voting was scheduled to take place at a special shareholders' meeting set for June 9, 2005, at corporate headquarters in Carteret, New Jersey.

20.     The Proxy Statement requested that votes be cast by mail, or in person at the meeting. Internet or telephone voting was not made universally available. To be considered, mailed proxies or revocations of proxies had to be received on or before June 9, 2005.

21.     The Proxy Statement contained a lengthy discussion of efforts that had been made in 2004 and 2005 to solicit a merger or other strategic transaction. Discussions with several bidders had been conducted over several months. The Proxy concluded that none of the other bidders had made, or was likely to complete, an offer superior to the Yucaipa Transaction.

22.     Defendants caused Pathmark to issue amendments to the Proxy Statement that were filed with the Securities Exchange Commission on May 26, May 31, June 2, and June 3. The May 26 Amendment described a proposal from one unnamed bidder (the "May 19 offer") to purchase 100% of all shares of Pathmark common stock at $8.75 per share, subject to "confirmatory due diligence." That offer was rejected by the Board of Directors on May 24. The May 26 Amendment stated that the May 19 offer had been rejected, because inter alia, it appeared that financing could not be obtained by the buyer, and it appeared that the proposed transaction could not be completed for months.

23.     On June 1, 2005, the Board of Directors received a new proposal from the same bidder, open until June 8, offering $8.75 per share for all outstanding shares, no longer subject to any due diligence (the "June 1 offer"). That bidder revised its proposal while maintaining the price of $8.75 per share, by letters of June 2, 3, and 4, extending the time period through June 10. Unlike the Yucaipa Transaction, the June 1 offer, like the May 19 offer, would have resulted in cash payments to Pathmark stockholders.

24.    The Board of Directors did not disclose the existence of the June 1 offer to shareholders in either its June 2 or June 3 Amendments to the Proxy Statement. The Board also determined that it would not change the date of the shareholder meeting to allow shareholders time to consider whether the June 1 offer represented a material change of circumstances that might be relevant to the upcoming vote on the Yucaipa Transaction. It also declined to attempt further negotiations with either the June 1 bidder or Yucaipa.

25.    The Board disclosed the June 1 offer through an Amendment to the Proxy Statement filed with the SEC on June 7, just two days before the shareholder meeting. By that date, any mailed ballots would already have been cast, and revocations could not reasonably be expected to arrive before the shareholders' meeting. Thus, this notice was of little practical value to shareholders. The Board of Directors again determined not to postpone the vote, and not to change its recommendation in favor of the Yucaipa Transaction.

26.    On June 9, the shareholders' meeting was held. The Yucaipa Transaction was approved by the requisite shareholder vote, and the alternative cash-out proposal was effectively withdrawn.

## COUNT I

### (Section 14(a) of the Exchange Act)

27.    This claim, pursuant to Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder, is brought directly against each Defendant.

28.    The Defendants caused to be issued the Proxy Statement, (which contained solicitation of Proxies) which was distributed to Pathmark's shareholders.

29.    The Proxy Statement as amended as of June 3, was materially false and misleading in that it failed to disclose material information concerning the June 1 offer that would have resulted in an immediate cash payment to all shareholders, as set forth above.

30.    The Defendants sought to secure Pathmark shareholder approval of the Yucaipa Transaction by means of a materially false and misleading Proxy Statement.

31.    Had the Defendants disclosed in the Proxy Statement the competing bid in a timely manner, there is a substantial likelihood members of the Class would not have voted for or given their proxies in favor of the Yucaipa Transaction.

32.    As a result of the foregoing, the Defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated by the SEC thereunder.

33.    Plaintiff and the Class have sustained damages by reason of Defendants' misrepresentations and omissions in connection with the Yucaipa Transaction.

## COUNT II

### (Section 20(a) of the Exchange Act)

34.    Plaintiff repeats and realleges each of the allegations set forth in the foregoing paragraphs. This claim is brought pursuant to Section 20(a) of the Exchange Act, 75 U.S.C. § 78t, against the Individual Defendants.

35.    The Individual Defendants, by virtue of their positions as directors of Pathmark, were, at the time of the wrongs alleged herein, controlling persons within the meaning of Section 20(a) of the 1934 Act.

36.    Said Defendants had the power and influence and exercised the same to cause the Company to engage in the conduct and practices complained of herein.

37.     By reason of the conduct alleged in Count I of the Complaint, said Individual Defendants are liable for the aforesaid wrongful conduct, and are liable to Plaintiff and to the other members of the Class for the substantial damages which they suffered in connection with Defendants' misrepresentations and omissions in connection with the Yucaipa Transaction.

## COUNT III

### (Breach of Fiduciary Duty)

38.     Plaintiff repeats and realleges each of the allegations set forth in the foregoing paragraphs. This claim is brought pursuant to Delaware law, directly against the Individual Defendants.

39.     By reason of their positions, as Defendants owed to Plaintiff and the members of the Class fiduciary duties of good faith, fairness, fidelity, and loyalty.

40.     The acts of the Defendants in entering into a Purchase Agreement with Yucaipa containing a "force the vote" provision; in refusing to postpone the shareholders' meeting and continuing to recommend a favorable vote on the Yucaipa Transaction even after an alternative offer was made on June 1, 2005; and in declining to continue negotiations with interested bidders after the receipt of the June 1 offer; were in breach of their respective fiduciary duties owed to Plaintiff and the Class. Their continued support of the Yucaipa Transaction and refusal to continue negotiations represented a breach of the duty of loyalty, as they favored the interests of Yucaipa over that of Pathmark stockholders.

41.     These breaches caused Plaintiff and the Class substantial damages.

        WHEREFORE, Plaintiff prays for relief and judgment, as follows:

        (1)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

      (2)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

      (3)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

      (4)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 15, 2005               Respectfully submitted,

**PRICKETT, JONES & ELLIOTT, P.A.**
Elizabeth M. McGeever (Del. Bar No. 2057)
1310 King Street, P.O. Box 1328
Wilmington, DE 19899-1328
(302) 888-6500
(302) 658-8111 (Fax)

**OF COUNSEL:**

**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Arthur Stock
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4636 (Fax)

  and

**BERGER & MONTAGUE, P.C.**
Abbott A. Leban (Del. Bar No. 3751)
919 Market Street, Suite 425
Wilmington, DE 19801
(302) 571-8626
(302) 571-8602 (Fax)

  and

James M. Orman
1845 Walnut Street
15th Floor
Philadelphia, PA 19103
(215) 523-7800
(215) 523-9290 (Fax)

**PATHMARK STORES, INC. (NASDAQ: PTMK)**
**CERTIFICATION PURSUANT TO THE FEDERAL SECURITIES LAWS**

Rick Hartman ("Plaintiff"), duly swears and says, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed a draft complaint against Pathmark Stores, Inc. ("Pathmark") and certain of its officers, approves of its contents, and authorizes its filing.

2.    Plaintiff did not purchase or hold the security that is the subject of this action at the direction of its counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative plaintiff on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff held 210 shares of Pathmark common stock from May 6, 2005, through June 9, 2005, inclusive.

5.    Plaintiff has sought to serve as a class representative in the following other actions filed under the United States federal securities laws in the past three (3) years preceding the date on which this certification is signed:

In re: Gilead Sciences Secur. Litig., N.D. Cal. 03-CV-4999; and
In re: Direct General Corp., M.D. Tenn. 05-CV-77.

6.    Plaintiff has not and will not accept any payment for serving as a representative plaintiff on behalf of the class beyond its pro rata share of any recovery, or as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this _14_ day of _June_ , 2005.

By: _____

Title: _____
      Rick Hartman