# EXHIBIT A

**PATHMARK STORES, INC. (NASDAQ: PTMK)**
**CERTIFICATION PURSUANT TO THE FEDERAL SECURITIES LAWS**

Rick Hartman ("Plaintiff"), duly swears and says, as to the claims asserted under the federal securities laws, that:

1.      Plaintiff has reviewed a draft complaint against Pathmark Stores, Inc. ("Pathmark") and certain of its officers, approves of its contents, and authorizes its filing.

2.      Plaintiff did not purchase or hold the security that is the subject of this action at the direction of its counsel or in order to participate in this private action.

3.      Plaintiff is willing to serve as a representative plaintiff on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      Plaintiff held 210 shares of Pathmark common stock from May 6, 2005, through June 9, 2005, inclusive.

5.      Plaintiff has sought to serve as a class representative in the following other actions filed under the United States federal securities laws in the past three (3) years preceding the date on which this certification is signed:

> In re: Gilead Sciences Secur. Litig., N.D. Cal. 03-CV-4999; and
> In re: Direct General Corp., M.D. Tenn. 05-CV-77.

6.      Plaintiff has not and will not accept any payment for serving as a representative plaintiff on behalf of the class beyond its pro rata share of any recovery, or as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 14 day of June , 2005.

By:    _____

Title: _____
       Rick Hartman

# EXHIBIT B

PRN        Berger & Montague, P.C. Files Securities Class Action Suit
           Jun 16 2005  12:08


Against Pathmark Stores, Inc.


    PHILADELPHIA, June 16 /PRNewswire/ -- Berger & Montague, P.C. today
announced that litigation has begun on behalf of holders of Pathmark Stores,
Inc. (Nasdaq: PTMK) shares as of the record date of May 6, 2005.  This class
action brought under the federal securities laws is pending in the United
States District Court for District of Delaware, C.A. No.: 05-CIV-0403.

    The complaint charges that Pathmark and is board of directors provided
materially misleading information to shareholders in connection with a Proxy
Solicitation seeking shareholder approval of an investment in Pathmark by
Yucaipa Partners, LLC.  The proxy solicitation was misleading because it
failed to inform investors of an alternative cash-out transaction, through
which all Pathmark shareholders would receive $8.75 per share, that had been
presented to Pathmark's Board of Directors on June 1.  This alternative offer
represented a greater value than the Yucaipa Transaction which the Board was
recommending.  The Complaint also alleges that the defendants breached their
fiduciary duties in negotiating with Yucaipa by continuing to recommend that
shareholders approve the Yucaipa Transaction even after the alternative offer
had been made.

    If you held Pathmark common stock on the record date of May 6, 2005, and
continued to hold shares through June 9, 2005, you may, not later than August
15, 2005, move the Court to serve as lead plaintiff on behalf of the class.  A
lead plaintiff acts on behalf of other class members in directing the
litigation.  Your ability to share in any recovery from the litigation is not
affected by whether you serve as a lead plaintiff.  You may retain Berger &
Montague, P.C. or other counsel to serve as your counsel.

    The law firm of Berger & Montague, P.C. is one of the nation's foremost
plaintiffs' law firms in the area of securities class actions and other
complex litigation.  The Berger firm has extensive experience representing
investors in class action securities litigation and has led major cases over
the past 30 years that have resulted in recoveries of several billion dollars.
The firm has represented investors as lead counsel in such leading securities
actions as Rite Aid, Sotheby's, Waste Management, Sunbeam, Boston Chicken and
IKON Office Solutions.

    If you wish to discuss this matter please contact Berger & Montague as
follows:


    Sherrie R. Savett, Esquire
    Arthur Stock, Esquire
    Kim Walker, Investor Relations Manager

Copyright (c) 2005

PRN          Berger & Montague, P.C. Files Securities Class Action Suit
             Jun 16 2005  12:08


      Berger & Montague, P.C.
      1622 Locust Street
      Philadelphia, PA 19103
      (888) 891-2289
      http://www.bergermontague.com
      investorprotect@bm.net


SOURCE  Berger & Montague, P.C.


CONTACT:
Sherrie R. Savett, Esquire, Arthur Stock, Esquire, or Kim Walker, Investor
Relations Manager, all of Berger & Montague, +1-888-891-2289,
investorprotect@bm.net
-0- Jun/16/2005 16:08 GMT

Copyright (c) 2005

# EXHIBIT C

# BERGER & MONTAGUE, P.C.

## BERGER & MONTAGUE, P.C.

### THE FIRM:

Berger & Montague has been engaged in the practice of complex and class action litigation from its Center City Philadelphia office for over 35 years. The firm has been recognized by courts throughout the country for its ability and experience in handling major complex litigation, particularly in the fields of securities, antitrust, mass torts, and civil and human rights. In numerous precedent-setting cases, the Berger firm has played a principal or lead role. The firm has achieved the highest possible rating by its peers and opponents as reported in Martindale-Hubbell. Currently, the firm consists of more than 60 lawyers, 18 paralegals, professional investigators and an experienced support staff.

Berger & Montague was founded in1970 by David Berger to concentrate on the representation of plaintiffs in a series of antitrust class actions. David Berger pioneered the use of class actions in antitrust litigation and was instrumental in extending the use of the class action procedure to other litigation areas, including securities, employment discrimination, civil and human rights, and mass torts. The firm's complement of nationally recognized lawyers has represented both plaintiffs and defendants in these and other areas, and has recovered billions of dollars for its clients. In complex litigation, particularly in areas of class action litigation, Berger & Montague has established new law and forged the path for recovery for victims of fraud and other wrongdoing.

The firm has been involved in a series of notable cases, some of them among the most important in the last 35 years of civil litigation. For example, the firm was one of the principal counsel for plaintiffs in the Drexel Burnham Lambert/Michael Milken securities and bankruptcy litigation. Claimants in these cases recovered approximately $2 billion in the aftermath of the collapse of the junk bond market and the bankruptcy of Drexel in the late 1980's. The firm was also among the principal counsel engaged in the trial of the Exxon Valdez Oil Spill in Anchorage, Alaska, a trial resulting in a record punitive damages award of $5 billion against Exxon. Berger & Montague was lead counsel in the School Asbestos Litigation, in which a national class of secondary and elementary schools recovered in excess of $300 million to defray the costs of asbestos abatement. The case was the first mass tort property damage class action certified on a national basis.

In the area of securities litigation, the firm has represented public institutional investors - such as the retirement funds for the States of Pennsylvania, Connecticut, New Hampshire, New Jersey and

2

Louisiana, as well as the City of Philadelphia and numerous individual investors and private institutional investors. The firm was co-lead counsel in the Melridge Securities Litigation in the Federal District Court in Oregon, in which an $88.2 million jury verdict was obtained. Berger and Montague has served as lead counsel in numerous other major class action cases, including those against Waste Management (settlement for investors of $220 million) and Rite Aid (settlements totalling $334 million), to name only two of the most notable successes.

In addition to its distinction in securities litigation, the firm has served as lead or co-lead counsel on many of the most significant civil antitrust cases over the last 30 years, including In re Corrugated Container Antitrust Litigation (recovery in excess of $366 million), the Infant Formula case (recovery of $125 million), and the Retail Drug price fixing case (settlement of more than $700 million). More recently, the firm, through its membership on the litigation Executive Committee, helped to achieve a $1.25 billion settlement with the largest Swiss banks on behalf of victims of Nazi aggression whose deposits were not returned after the Second World War. The firm has also played an instrumental role in bringing about a $4.37 billion settlement with German industry and government for the use of slave and forced labor during the Holocaust.

The *National Law Journal* in July, 2004 selected Berger & Montague as one of the 20 top plaintiffs' litigation firms based on recent performance and a long track record of success.

3

# PROMINENT JUDGMENTS AND SETTLEMENTS

The success of Berger & Montague in prosecuting class actions and other complex litigation is best demonstrated by the firm's significant results for its clients. The following is a partial list of some of the more notable judgments and settlements from the past few years:

### *Securities Litigation*

*In re Campbell Soup Co. Securities Litigation:*  The firm, as co-lead counsel, obtained a settlement of $35 million for the benefit of the class.  (Civil Action No. 00 152 (JEI) (D.N.J.)).

*In re Premiere Technologies, Inc. Securities Litigation:*  The firm, as co-lead counsel, obtained a class settlement of over $20 million in combination of cash and common stock. (Civil Action No.1:98-CV-1804-JOF (N.D.Ga.)).

*In re: PSINet, Inc., Securities Litigation:*  The firm, as co-lead counsel, obtained a settlement of $17.83 million on behalf of investors. (Civ. No. 00-1850-A (E.D.Va.)).

*In re Safety Kleen Corp. Securities Litigation :*  The firm, as co-lead counsel, obtained a class settlement in the amount of $45 million against Safety-Kleen's outside accounting firm and certain of the Company's officers and directors.   The final settlement was obtained 2 business days before the trial was to commence.  (C.A. No. 3:00-CV-736-17 (D.S.C.)).

*Emil Rossdeutscher and Dennis Kelly v. Viacom:*  The firm, as lead counsel, obtained a settlement resulting in a fund of $14.25 million for the class (C.A. No. 98C-03-091 (JEB) (Sup. Ct. Del.)).

*Silver v. UICI:*  The firm, as co-lead counsel, obtained a settlement resulting in a fund of $16 million for the class. (No. 3:99 CV 2860-L (N.D. Tex.)).

*In re Alcatel Alsthom Securities Litigation:* In 2001, the firm, as co-lead counsel, obtained a class settlement for investors of $75 million cash.  (MDL Docket No. 1263 (PNB)).

*In re Rite Aid Corp.. Securities Litigation:*  The firm, as co-lead counsel, has obtained settlements

4

totalling $334 million against Rite Aid's outside accounting firm and certain of the company's former officers (99 CV 1349 (E.D. Pa. 2001).

***In re Sunbeam Inc. Securities Litigation:*** As co-lead counsel, the firm obtained a settlement on behalf of investors of $141 million in the action against Sunbeam's outside accounting firm and Sunbeam's officers. (98 CV 8258 (S.D. Fla. 2001)).

***In re Waste Management, Inc. Securities Litigation:*** In 1999, the firm, as co-lead counsel, obtained a class settlement for investors of $220 million cash which included a settlement against Waste Management's outside accountants. (97CV 7709 (N.D. Il. 2000)).

***In re IKON Office Solutions Inc. Securities Litigation:*** The firm, serving as both co-lead and liaison counsel, obtained a cash settlement of $111 million in an action on behalf of investors against IKON and certain of its officers in 2000. (MDL Dkt. No. 1318 (E.D. Pa. 2000)).

***In re Melridge Securities Litigation:*** The firm served as lead counsel and co-trial counsel for a class of purchasers of Melridge common stock and convertible debentures. A four-month jury trial yielded a verdict in plaintiffs' favor for $88.2 million, and judgment was entered on RICO claims against certain defendants for $239 million. The court approved settlements totaling $55.4 million. (CV-87-1426FR (D. Or. 1998)).

***Walco Investments, Inc. et al. v. Kenneth Thenen, et al. (Premium Sales):*** The firm, as a member of the Plaintiffs' Steering Committee, obtained settlements of $141 million for investors victimized by a ponzi scheme. (Reported at: 881 F. Supp. 1576 (S.D. Fla. 1995);168 F.R.D. 315 (S.D. Fla. 1996); 947 F. Supp. 491 (S.D. Fla. 1996)).

***In re The Drexel Burnham Lambert Group, Inc.:*** The firm was appointed co-counsel for a mandatory non-opt-out class consisting of all claimants who had filed billions of dollars in securities litigation-related proofs of claim against The Drexel Burnham Lambert Group, Inc. and/or its subsidiaries. Settlements in excess of $2.0 billion were approved in August 1991 and became effective upon consummation of Drexel's Plan of Reorganization on April 30, 1992. (90 Civ. 6954 (MP), Chapter 11, Case No. 90 B 10421 (FGC), Jointly Administered, reported at, *inter alia*, 960 F.2d 285 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993) ("Drexel I") and 995 F.2d 1138 (2d Cir. 1993) ("Drexel II")).

## ATTORNEYS FOR THIS ACTION:

### Sherrie R. Savett

Ms. Savett received her B.A. degree from the University of Pennsylvania in 1970 (*summa cum laude*, Phi Beta Kappa) and her J.D. from the University of Pennsylvania Law School in 1973. Ms. Savett has practiced in the area of securities litigation and complex consumer class actions with the firm of Berger & Montague for 30 years, where she is a managing principal and shareholder as well as Chair of the firm's Securities Litigation Department. Ms. Savett is admitted to practice law in the Commonwealth of Pennsylvania and in numerous federal courts throughout the country.

Ms. Savett has served or serves as lead or co-lead counsel or as a member of the Executive Committee in a large number of important securities and consumer class actions in federal and state courts throughout the country, including securities actions against the following companies:

> ***Advanced Micro Devices*** (class settlement of $11.5 million);
> ***Alcatel Alsthom*** (class settlement of $75 million);
> ***BankAmerica*** (derivative settlement of $39.25 million);
> ***Boston Chicken*** (class settlement of $19.4 million);
> ***Bristol-Myers Squibb*** (class settlement of $20 million);
> ***Cephalon*** (class settlement of $17 million);
> ***Coastal Physician Group*** (class settlement of $8.15 million);
> ***Crocker Bank*** (class settlement of $35 million);
> ***Employee Solutions*** (class settlement valued at $15 million);
> ***Fidelity/Micron*** (class settlement of $10 million);
> ***Genentech*** (class settlement of $29 million);
> ***Global Crossing*** (class settlement of $245 million (partial));

6

***Home Shopping Network*** (class settlement of $18.2 million);

***Long Island Lighting*** (class settlement of $48.5 million);

***Marconi*** (class settlement of $7.1 million);

***Medaphis*** (class settlement of $72.5 million);

***Deloitte & Touche*** (arising out of the Medaphis audit) (class settlement of $24 million);

***MicroWarehouse*** (class settlement valued at $30 million);

***Motorola*** (class settlement of $15 million);

***Oak Industries*** (class settlement in excess of $35 million);

***Plains All American Pipeline LP*** (class settlement of $24.1 million);

***Policy Management*** (class settlement of $32 million);

***Policy Management II*** (class settlement of $7.75 million);

***Public Service Company of New Mexico*** (class and derivative settlements of $33 million);

***Raychem*** (class settlement of $19.5 million);

***Rite Aid*** (class settlement of $334 million);

***Safety-Kleen*** (class settlement of $44.5 million achieved two days before trial);

***Shopko Stores*** (class settlement of $4.9 million);

***SmithKline Beckman*** (class settlement of $22 million);

***Sotheby's Holdings*** (class settlement of $70 million);

***Summit Technology*** (class settlement of $10 million);

***Sunrise Medical*** (class settlement of $20 million);

***Subaru*** (class settlement of $70 million);

***Synergen*** (class settlement of $28 million);

***U.S. Bioscience*** (class settlement valued at $15.25 million);

***United HealthCare*** (class settlement of $20.1 million);

***United Telecommunications*** (class settlement of $28 million);

***Valujet*** (class settlement of $5 million);

***W.R. Grace*** (derivative settlement of $8.5 million);

***Waste Management*** (class settlement of $220 million); and

**Xcel Energy** ($80 million).

Ms. Savett has advanced investor protection in helping to establish several significant precedents in her 30 years of practice. Among them is the holding (the first ever in a federal appellate court) that municipalities are subject to the antifraud provisions of SEC Rule 10b-5 under § 10(b) of the

7

Securities Exchange Act of 1934, and that municipalities which issue bonds are not acting as an arm of the state and therefore are not entitled to immunity from suit in the federal courts under the Eleventh Amendment. *Sonnenfeld v. City and County of Denver*, 100 F.3d 744 (10th Cir.1996). In the *U.S. Bioscience* securities class action, a biotechnology case where critical discovery was needed from the federal Food and Drug Administration, the court ruled that the FDA may not automatically assert its administrative privilege to block a subpoena and it may be subject to discovery depending on the facts of the case. *In re U.S. Bioscience Secur. Litig.*, 150 F.R.D. 80 (E.D. Pa. 1993).

Ms. Savett has lectured at the Wharton School of the University of Pennsylvania and at the Stanford Law School on prosecuting shareholder class actions. Ms. Savett served as a panelist at the First Circuit Judicial Conference in September 2003, and has also been on various ABA and PLI panels concerning securities class action litigation and the use of class actions in consumer litigation. Ms. Savett most recently served as a moderator/panelist at the Opal Public Funds Summit in January, 2005. She is the author of numerous papers on various aspects of securities and complex litigation, including: *Recent Developments in the Lead Plaintiff and Lead Counsel Provisions of the PSLRA*, 1 SECUR. LITIG. RPT. (Glasser LegalWorks) (Dec. 2004-Jan. 2005); *Primary Liability of "Secondary" Actors Under The PSLRA*, 1 SECUR. LITIG. RPT. (Glasser) (Nov. 2004); *The 'Indispensable Tool' of Shareholder Suits*, DIRECTORS & BOARDS, vol. 28 (Feb. 18, 2004); *The Impact of Sarbanes-Oxley From a Plaintiff's Perspective*, 9 SECUR. LITIG. & REG. RPTR. (Andrews) (No. 16) (Dec. 23, 2003); and the series of annual reviews titled *Securities Class Actions Since the 1995 Reform Act: A Plaintiff's Perspective*, in 1442 PLI/Corp. 13 (Sept.-Oct. 2004); SJ084 ALI-ABA 399 (May 13-14, 2004); SG091 ALI-ABA (May 2-3, 2002); SF86 ALI-ABA 1023 (May 10, 2001); *Greetings From the Plaintiffs' Class Action Bar: We'll Be Watching*, SE082 ALI-ABA 739 (May 11, 2000); *Preventing Financial Fraud*, PLI B0-00E3 (Apr.-May 1999) and *Shareholders Class Actions in the Post Reform Act Era*, SD79ALI-ABA 893 (Apr. 30, 1999).

.

---

### Abbott A. Leban

Abbott A. Leban joined the firm in 2004 as Senior Counsel and is a member of the Securities Litigation Department. In the last seven years of his 45-year career, he held the position of Senior Counsel in Grant & Eisenhofer, P.A., of Wilmington, Delaware, where he participated in that firm's securities litigation and corporate governance practice, most notably in the *Oxford Health Plans, Inc.*

*Securities Litigation* in the Southern District of New York and the *DaimlerChrysler Securities Litigation* in the Delaware federal court. In those cases, in each of which his firm served as co-lead counsel and achieved a settlement of $300 million, the settlements ranked at the time among the "top ten" since the enactment of the Private Securities Litigation Reform Act of 1995 (PSLRA).

Berger & Montague has assigned Mr. Leban to open an office for it in Wilmington, Delaware, where he will be principally based to further develop its corporate and securities litigation practice.

Mr. Leban is admitted to the practice of law in the District of Columbia, New York, Pennsylvania, and Delaware. He is also admitted in the U.S. Supreme Court, the U.S. Court of Appeals for the District of Columbia Circuit and the Fifth Circuit, and the U.S. District Courts for Delaware and the Southern District of New York. He is a member of the American, New York State, and Delaware State Bar Associations and was an original member of the National Association of Public Pension Attorneys, in which he served for a time as chairman of its Committee on Federal Legislation.

Mr. Leban received his B.A. from Columbia College in 1955 (Honors with Distinction in Government, Phi Beta Kappa) and the J.D. degree from Yale Law School in 1958, where in his third year he was employed as one of six instructors to teach the first-semester course, Introduction to Legal Research. Between his second and third years, he was employed by the American Law Institute as Research Assistant to Professor Willis L. M. Reese (Columbia Law School) in his role as Reporter for the Restatement (Second) of the Conflict of Laws.

Mr. Leban held a judicial clerkship in the U.S. Court of Appeals for the District of Columbia Circuit. He continued in federal government service in Washington in the Office of General Counsel of the now-defunct U.S. Civil Aeronautics Board and as an Assistant U. S. Attorney for D.C. during the Eisenhower and Kennedy administrations, in both the appellate and civil trial sections of that office. In 1962, still a New Yorker at the time, he accepted a position on the staff of U.S. Sen. Kenneth B. Keating (R.-N.Y.), ending as his Executive Assistant and Counsel, with responsibility for managing 40-plus professional and clerical aides in the Senator's office, and participated as counsel to several subcommittees of the Senate Judiciary Committee in hearings on the steel, drug, insurance and funeral industries, and on bills that led to the Civil Rights Act of 1964 and, in the wake of the Kennedy assassination, the 25th Amendment on presidential succession and inability.

9

In 1965, Mr. Leban returned to New York and began a 17-year career in the "FIRE" sector: finance, insurance, and real estate. In-house with the Law Department of the Equitable Life Assurance Society of the U.S., he was, successively, a member of its securities and governmental relations divisions and in 1967 was elected to an officership as the Equitable's first-time Counsel for Federal Relations. In 1970, Colonial Penn Group, Inc., of Philadelphia, recruited him to be President/COO of its recently acquired New York-based life insurance subsidiary in what was essentially a turnaround situation. When Colonial Penn became one of the first insurance groups to be listed on the New York Stock Exchange, Mr. Leban was promoted to the parent company in Philadelphia as Senior V.P. and Corporate Secretary, with responsibilities for the legal, government relations, human resources, and corporate and public affairs departments. With the taking effect of ERISA in 1974, he also served as the chairman of the company's pension and profit-sharing plan trusts and supervised these plans' compliance programs in the early years of the ERISA regime.

Mr. Leban left state government after the first term of the Casey administration to join the Philadelphia law firm now known as Blank Rome. As a member of the firm's Corporate Department and chair of the firm's Public Pension Fund Practice Group, he concentrated his work on varied corporate, tax, fiduciary, litigation, and legislative matters on behalf of both in-state and sister-state public pension funds, and provided counseling to a wide range of the firm's corporate clients. His colleagues, Stuart Grant and Jay Eisenhofer in Blank Rome's Wilmington office, formed their own firm in 1997, and Mr. Leban joined them soon after they commenced business.

From 1973 to 1978, Mr. Leban was a member of the Pennsylvania Humanities Council and served as its elected chairman from 1976 to 1978.

Mr. Leban resides in Wilmington, Delaware. His wife, Janet A. Leban, formerly the Executive Director of the Pennsylvania Prison Society, is the current Executive Director of the Delaware Center for Justice, Inc.

---

**Arthur Stock**

Arthur Stock is a shareholder in the firm, who has concentrated on securities litigation.

Mr. Stock has litigated numerous significant cases vindicating the rights of investors, including: *Safety-Kleen Corp.* ($45 million stockholders settlement); *Synergen, Inc.* ($28 million settlement); *UICI Securities* Litigation ($16 million settlement); *Livent,* Inc. ($6.45 million settlements); *Worldport, Inc.* ($5.1 million settlement); *Datastream* ($5 million cash and stock settlement); *Blasband v. Rales (*favorable precedent for investors established in Delaware Supreme Court).

Mr. Stock is the co-author with Sherrie R. Savett of *What to Plead and How to Plead the Defendant's State of Mind in a Federal Securities Class Action: The Plaintiff's Perspective*, Practicing Law Institute, 30th Annual Institute of Securities Regulation, Vol. 2, p. 807 (1998), and author of *Justice Scalia's Use of Sources in Statutory and Constitutional Interpretation: How Congress Always Loses*, Duke L.J. 160 (1990). He has also written political commentary for *Slate.com* magazine.

From 1990 to 1991, Mr. Stock served as a law clerk to the Honorable Jackson L. Kiser, United States District Court for the Western District of Virginia. Mr. Stock is admitted to practice law in the Commonwealth of Pennsylvania.

Mr. Stock is a graduate of Yale University (B.A. *with distinction in economics* 1984) and the Duke University School of Law (J.D. *with high honors* 1990), where he served as Articles Editor of the *Duke Law Journal*.

397529

11

# EXHIBIT D

**PRICKETT, JONES & ELLIOTT, P. A.**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

DOVER OFFICE
11 NORTH STATE STREET
DOVER, DE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

PENNSYLVANIA OFFICE
217 WEST STATE STREET
KENNETT SQUARE, PA 19348
TEL: (610) 444-1573
FAX: (610) 444-9273

## CORPORATE AND BUSINESS LAW

Prickett Jones has helped to develop legal precedent and statutory provisions affecting Delaware corporations and entities. This puts us in the forefront of emerging trends in the law of corporations, partnerships, limited liability companies and business trusts. As a result of this unique position of leadership, we have the ability to guide our clients effectively in these areas of the law.

We represent investors, public companies and closely held businesses, and also represent Delaware investment holding companies in complex transactions. We advise investors, boards of directors, in-house counsel, general partners and managers throughout the United States and overseas. This varied representation allows us to draw on experience from every aspect of a business transaction or dispute in advising our clients. It also permits us to provide effective and efficient representation of our clients in litigation before the Court of Chancery and Federal Court. A listing of some of our significant shareholder cases is attached.

We represent creditors and debtors, operate as local counsel in conjunction with out-of-state bankruptcy counsel, and monitor cases before the U.S. Bankruptcy Court for the District of Delaware. Our attorneys have attained significant financial results for pension plans, unions, state and federal government entities, and other creditors in complex Chapter 11 reorganizations as well as the more routine Chapter 7 and Chapter 13 matters.

Through a computer system that is linked directly to the Delaware Secretary of State's office, we provide our clients instant information on entities formed under our state statutes. This includes the ability to obtain documents crucial to a closing and to form entities directly from our office.

We participate in the legislative processes that result in new and amended laws governing Delaware business entities and entities doing business in Delaware. We hold leadership positions in the Delaware State Bar Association and sit on committees charged with monitoring, clarifying and updating the statutes governing Delaware law to ensure that our laws continue to be meaningful to the clients we serve. These positions give our clients important access to trends and developments while new laws are in formation. As a result, they have potential opportunities to make informed decisions in a timely fashion to benefit their business and personal goals.

## PRICKETT, JONES & ELLIOTT P.A.
## SIGNIFICANT STOCKHOLDER CASES

| Case | Description | Opposing Counsel | |
|------|-------------|------------------|---|
| | | Delaware | Out of Town |
| Katz v. Bregman, 431 A.2d 1274 (Del. Ch.), appeal refused, 435 A.2d 1044 (Del. 1981) | Preliminary injunction against sale of assets for violation of 8 Del. C. §271 | Young, Conaway | Shea & Gould (N.Y.) |
| David J. Steinberg Ltd. v. The Children's Place, Inc., 1982 WL 17845 (Del.Ch.) | Temporary restraining order against acquisition by Federated Department Stores | Richards, Layton Potter, Anderson Skadden, Arps | Skadden, Arps (N.Y.) |
| Weinberger v. UOP, Inc., 457 A.2d 701 (Del. 1983) (en banc; retrial on damages, 1985 WL 11546 (Del.Ch.) | Judgment for stockholders in landmark case on freeze-out mergers | Morris, Nichols Potter, Anderson | |
| Smith v. vanGorkom, 488 A.2d 858 (Del. 1985) (en banc) | Judgment for stockholders on liability for breach of duty of care. Subsequent settlement for $24 million. | Morris, Nichols Potter, Anderson | |
| Lacos Land Company v. Arden Group, Inc., 517 A.2d 271 (Del.Ch. 1986) (preliminary injunction) 1986 WL 14525 (Del.Ch.) (settlement approved) | Preliminary injunction against certificate amendment to implement dual stock reclassification. Settlement included $30 per share self-tender and $35 per share repurchase of plaintiffs' shares | Morris, Nichols | Mitchell, Silverberg (L.A.) |
| Eisenberg v. Chicago Milwaukee, 537 A.2d 1051 (Del.Ch. 1987) | Preliminary injunction against self-tender offer for preferred stock | Richards, Layton | Weil Gotshal (N.Y.) |

923.6.1/\186672v1

| Case | Description | Opposing Counsel Delaware | Opposing Counsel Out of Town |
|---|---|---|---|
| Zimmerman v. Home Shopping Network, 1990 WL 118363 (Del.Ch.) | Summary judgment and class certification for debenture holders. Subsequent settlement for $16.5 million. | Morris, James | Fowler, White (Tampa) |
| Gilmartin v. Adobe Resources, 1992 WL 71510 (Del.Ch.) | Preliminary injunction against merger. | Richards Layton Potter, Anderson Ashby, McKelvie (N.Y.) Morris, Nichols | Davis Polk (N.Y.) Shearman & Sterling (N.Y.) Cohen & Grigsby (Pitt.) |
| Maclane Gas Co. v. Enserch Corp., 1992 WL 368614 (Del.Ch.), aff'd, 633 A.2d 369 (Del.), rehearing denied, 647 A.2d 381 (Del. 1993) (en banc) | Judgment of over $60 million for minority holders of limited partnership | Richards, Layton | Covington & Burling (D.C.) |
| In re Tri-Star Pictures Litigation, 634 A.2d 319 (Del. 1993) | Sustaining claims for breach of fiduciary duty in Coca-Cola's exchange of entertainment assets for Tri-Star shares. Subsequent settlement of $22.5 million | Potter, Anderson Morris, Nichols Richards, Layton | Fried Frank (N.Y.) Dewey, Ballantine (N.Y.) |
| Arnold v. Society for Savings, 650 A.2d 1270 (Del. 1994) (en banc) | Summary judgment on partial disclosure theory. Subsequent settlement of $5 million. | Morris, Nichols Richards, Layton | Bingham, Dana (Boston) Cleary, Gottlieb (N.Y.) |

923.6.1 \ 185672v1

| Case | Description | Delaware | Opposing Counsel Out of Town |
|---|---|---|---|
| Dieter v. Prime Computer, 681 A.2d 1068 (Del.Ch. 1996) (on class certification) Trial 1997; Settlement 1998. | Minority stockholders attacking merger with junk bond consideration. $20 million settlement after trial. | Richards, Layton | Weil, Gotshal (N.Y.) |
| Kaiser Aluminum v. Matheson, 681 A.2d 392 (Del. 1996) | Preliminary injunction against recapitalization | Potter, Anderson Morris, Nichols | Heller, Ehrman (Palo Alto) |
| Pasternak v. Glazer, 1996 WL 549960 (Del.Ch.), appeal dismissed as moot, 693 A.2d 319 (Del. 1997) | Preliminary injunction against merger. | Richards, Layton Morris, James | Baker & Botts (Houston) |
| Halifax Fund, L.P. v. Response USA, Inc., 1997 WL 33173241 (Del.Ch.) | Expedited partial summary judgment enforcing conversion rights of preferred stock. | Rosenthal, Monhait | Buchanan, Ingersoll (Pitt.) |
| Malone v. Brincat, 722 A.2d 5 (Del. 1998) (en banc) | Established duty of disclosure where no request for stockholder action. Subsequent settlement for $12.5 million. | Morris, Nichols Potter, Anderson Richards, Layton | Kirkland & Ellis (Chi.) Winston & Strawn (Chi.) Sidley & Austin (Chi.) |
| Bomarko, Inc. v. International Telecharge, 794 A.2d 1161 (Del.Ch. 1999) aff'd, 766 A.2d 437 (Del. 2000) | Judgment for minority stockholders for breach of fiduciary duty in merger. | Morris, James | Wilmer, Cutler (D.C.) |

923.6.1\186672v1

| Case | Description | Delaware | Opposing Counsel Out of Town |
|---|---|---|---|
| O'Malley v. Boris, 742 A.2d 845 (Del. 1999) (reversing dismissal); 2001 WL 50204 (Del.Ch.) (class certification); 2002 WL 453928 (Del.Ch.) (summary judgment on liability) | Summary judgment on liability of brokerage for breach of fiduciary duty | Richards, Layton Potter, Anderson | Brown & Wood (N.Y.) Kirkpatrick & Lockhart (D.C.) |
| Contour Energy Co. v. Western Financial Co., 755 A.2d 387 (Del. 2000) | Refused defendants' appeal from summary judgment for mandatory relief for preferred stockholders to elect directors. | Morris, Nichols | |
| Turner v. Bernstein, 776 A.2d 530 (Del.Ch. 2000) (summary judgment) and 768 A.2d 24 (Del.Ch. 2000) (class certification) | Summary judgment for stockholders for breach of fiduciary duty in merger. Subsequent settlement for $5.8 million. | Richards, Layton | Piper Marbury (Chi.) |
| In re Staples, Inc. Shareholders Litigation, 792 A.2d 934 (Del.Ch. 2001) | Preliminary injunction against reclassification. | Richards, Layton | Hale & Dorr (Boston) |
| In Re Healthsouth Corp. Shareholders Litigation, 845 A.2d 1096 (Del. Ch. 2003), aff'd, 847 A.2d 1121 (Del. 2004) | Summary judgment entered in derivative action rescinding the extinguishment of CEO's $25 million loan. | Young, Conaway Skadden, Arps (DE) Potter, Anderson | Chadbourne, Park (N.Y.) |