IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICK HARTMAN, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. 05-403-JJF : |
| PATHMARK STORES, INC., et al. | : : |
| Defendants. | : |

William M. Lafferty, Esquire and Susan W. Waesco, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL, Wilmington, Delaware.
<u>Of Counsel</u>: Richard F. Schwed, Esquire and Alan S. Rabinowitz, Esquire of SHEARMAN & STERLING LLP, New York, New York.
Attorneys for Plaintiff.

Elizabeth M. Mcgeever, Esquire of PRICKETT, JONES & ELLIOT, P.A., Wilmington, Delaware.
<u>Of Counsel</u>: Sherrie R. Savett, Esquire and Arthur Stock, Esquire of BERGER & MONTAGUE, P.C., Philadelphia, Pennsylvania; Abbott A. Leban of BERGER & MONTAGUE, P.C., Wilmington, Delaware; James M. Orman, Esquire, Philadelphia, Pennsylvania.
Attorneys for Defendant.

**<u>MEMORANDUM OPINION</u>**

March 8, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are two motions, Plaintiff's Motion By Rick Hartman, For Appointment As Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel (D.I. 6) and Defendant's Motion To Dismiss (D.I. 10). For the reasons discussed, the Court will grant Defendant's Motion To Dismiss and deny Plaintiff's Motion as moot.

## BACKGROUND

Defendant Pathmark Stores, Inc. ("Pathmark") is a Delaware corporation that operates a chain of supermarkets in Delaware, New Jersey, New York, and Pennsylvania. The individual Defendants were Directors of Pathmark at all relevant times. Plaintiff Rick Hartman held Pathmark common stock at all relevant times. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).

On May 6, 2005, Pathmark issued a Proxy Statement to shareholders of record as of that date, seeking approval of a proposed transaction with The Yucaipa Companies LLC ("Yucaipa").[1] Under a purchase agreement between Pathmark and Yucaipa dated March 23, 2005, Yucaipa was to invest $150,000,000 in cash in Pathmark in exchange for 20,000,000 shares of Pathmark common stock and warrants to purchase additional shares. The purchase

---

[1] All facts in this section are taken from Plaintiff's Complaint (D.I. 1).

1

agreement did not provide for any direct payment to existing Pathmark shareholders. On May 19, 2005, an unidentified bidder ("Bidder No. 2") offered to purchase all outstanding shares of Pathmark stock at $8.75 per share, subject to a period of due diligence. On May 26, Pathmark issued an amendment to the Proxy Statement that notified shareholders about the May 19th offer and its rejection by the Board of Directors. On June 1, 2005, Bidder No. 2 renewed its offer, but removed the condition that the offer was subject to a period of due diligence. On June 2 and 3, 2005, Pathmark issued two further amendments to the Proxy Statement in which it did not disclose Bidder No. 2's June 1st offer. On June 7, 2005, Pathmark issued a final amendment to the Proxy Statement that notified shareholders of the June 1st offer and of the Board of Director's decision to continue to recommend approval of the transaction with Yucaipa. On June 9, 2005, Pathmark held a special shareholder's meeting at which the shareholders voted to approve the transaction with Yucaipa.

Plaintiff's Complaint alleges three counts. Count I alleges that Defendants violated § 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 14a-9 promulgated thereunder, by failing to disclose Bidder No. 2's June 1st offer in the amendment to the Proxy Statement issued on June 3, 2005. Count II alleges that the individual Defendants are liable for the violation alleged in Count I because they were controlling

persons within the meaning of § 20(a) of the Exchange Act. Count III alleges breach of fiduciary duty by the individual Defendants under Delaware law.

## DISCUSSION

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on

the movant. <u>Young v. West Coast Industrial Relations Assoc., Inc.</u>, 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

**II. Whether Count I States A Claim For Violation Of § 14(a) Of The Exchange Act**

In order to state a claim under § 14(a) of the Exchange Act, a plaintiff must allege that "(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction. An omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote." <u>Shaev v. Saper</u>, 320 F.3d 373, 379 (3d Cir. 2003) (internal quotation marks and citations omitted).

The Court concludes that Plaintiff has failed adequately to allege an injury. The Supreme Court has held that in private securities litigation, the complaint must "provide the defendants with notice of what the relevant economic loss might be" and the causal connection between the defendants' misrepresentation or omission and that loss. <u>Dura Pharmaceuticals, Inc., et al. V. Broudo et al.</u>, 125 S.Ct. 1627, 1634 (2005). While recognizing that "ordinary pleading rules are not meant to impose a great burden upon a plaintiff," the Court concluded that "it should not prove burdensome for a plaintiff who has suffered an economic loss to provide a defendant with some indication of the loss and

4

the causal connection that the plaintiff has in mind." Id. (internal citations omitted). Here, Count I alleges only that "Plaintiff and the Class have sustained damages by reason of Defendants' misrepresentations and omissions in connection with the Yucaipa Transaction." (D.I. 1 at 9.) Counts II and III contain only similarly conclusory allegations. The Court concludes that these allegations are insufficient to provide Defendants with the requisite notice. Therefore, the Court concludes that Count I fails to state a claim upon which relief can be granted. Accordingly, the Court will grant Defendants' Motion To Dismiss with respect to Count I.

Moreover, the Court will not grant Plaintiff leave to amend Count I. Although Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires," leave to amend "need not be granted when amending the complaint would clearly be futile." Cowell v. Palmer Tp., 263 F.3d 286, 296 (3d Cir. 2001) (citing Maio v. Aetna, Inc., 221 F.3d 472, 500-01 n.19 (3d Cir. 2000)). In his Brief In Opposition To Defendants' Motion To Dismiss (D.I. 17), Plaintiff elaborates on his theory of damages, contending that Defendants' alleged omission deprived him of the opportunity to vote to reject the Yucaipa transaction in favor of Bidder No. 2's offer. (D.I. 17 at 12.) However, the loss of that opportunity could not have caused an economic loss to Plaintiff. Bidder No. 2's offer

was to buy all outstanding shares of Pathmark common stock at $8.75 per share. On June 9, 2005, the day of the shareholder vote to approve the Yucaipa transaction, the closing market price of Pathmark stock was $8.86. (D.I. 12, Ex. G.)[2] The price remained above $8.75 at least as late as August 18, 2005. (Id.) Plaintiff had a period of at least two months following the shareholder vote in which he could have sold his Pathmark stock for a price greater than that offered by Bidder No. 2. In essence, Plaintiff contends that he was deprived of the opportunity to sell his Pathmark stock at a price lower than the market price. It would be clearly futile to allow Plaintiff to amend his Complaint to clarify that theory of damages.

### III. Whether Count II States A Claim Against The Individual Defendants Under § 20(a) Of The Exchange Act

Section 20(a) of the Exchange act provides that

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a). Accordingly, in order to state a claim under

---

[2]Pursuant to Federal Rules of Evidence 201(b) and (d), the Court takes judicial notice of the stock price data provided by Defendants in the Declaration Of Alan Rabinowitz (D.I. 12) in support of the Motion To Dismiss. The Court notes that it relied on this data only in deciding whether to grant leave to amend and not in deciding whether to grant Defendants' Motion To Dismiss.

§ 20(a), Plaintiff must first adequately plead an independent violation of the Exchange Act by some person controlled by the individual Defendants. In re Merck & Co., Inc. Sec. Litig., 432 F.3d 261, 275 (3d Cir. 2005). Here, Plaintiff alleges § 20(a) liability only "by reason of the conduct alleged in Count I of the Complaint." (D.I. 1 at 10.) In light of the Court's conclusion that Count I fails to state a claim upon which relief can be granted, this allegation is insufficient to plead an independent violation of the Exchange Act. Therefore, the Court concludes that Count II fails to state a claim upon which relief can be granted. Accordingly, the Court will grant Defendants' Motion To Dismiss with respect to Count II. Because the Court will not grant Plaintiff leave to amend Count I, it would be equally futile to allow amendment of Count II.

IV. **Whether Count III States A Claim For Breach Of Fiduciary Duty Under Delaware Law**

In Count III of his Complaint, Plaintiff alleges that the individual Defendants breached their fiduciary duty of loyalty to Plaintiff by

> "entering into a Purchase Agreement with Yucaipa containing a 'force the vote' provision; . . . refusing to postpone the shareholders' meeting and continuing to recommend a favorable vote on the Yucaipa Transaction even after an alternative offer was made on June 1, 2005; and . . . declining to continue negotiations with interested bidders after the receipt of the June 1 offer . . ."

(D.I. 1 at 10.) Plaintiff contends that, in evaluating this

7

allegation, the Court should subject the individual Defendants' conduct to the enhanced scrutiny prescribed by the Delaware Supreme Court in <u>Revlon, Inc. v. MacAndrews & Forbes Holdings</u>, 506 A.2d 173 (Del. 1986). (D.I. 17 at 16-17.) That scrutiny is triggered "when a corporation undertakes a transaction which will cause: (a) a change in corporate control; or (b) a break-up of the corporate entity . . ." <u>Paramount Communications Inc., v. QVC Network, Inc.</u>, 637 A.2d 34, 48 (Del. 1994). Although it is not clear whether the Yucaipa transaction involved a potential change in corporate control,[3] the Court will assess the sufficiency of Count III under the <u>Revlon</u> standard because, even with the benefit of that enhanced scrutiny, Count III fails to state a claim upon which relief can be granted.

Under <u>Revlon</u>, a sale of corporate control imposes on the directors the obligation of "acting reasonably to seek the transaction offering the best value reasonably available to the stockholders." <u>QVC</u>, 637 A.2d at 43. In <u>QVC</u>, the Delaware Supreme Court outlined the "key features" of the enhanced scrutiny test:

> (a) a judicial determination regarding the adequacy of the decisionmaking process employed by the directors, including the information on which the directors based their decision; and (b) a judicial examination of the reasonableness of the directors' action in light of the

---

[3]Plaintiff's Complaint alleges that the transaction would result in Yucaipa owning, at most, 50% of Pathmark's shares (D.I. 1 at 6), while his Brief In Opposition To Defendants' Motion To Dismiss contends that Yucaipa could acquire up to 60% (D.I. 17 at 16).

> circumstances then existing. The directors have the
> burden of proving that they were adequately informed
> and acted reasonably.

637, A.2d at 45. Thus, in order to state a claim for breach of the fiduciary duty of loyalty under this standard, a plaintiff must allege that the directors' decision making process was inadequate, i.e. that the directors were not adequately informed, and that their action was unreasonable. Plaintiff here alleges neither. Furthermore, Plaintiff does not allege that any of the individual Defendants had a conflict of interest. Nor does he allege facts from which the Court could reasonably infer that the loyalty of the individual Defendants was conflicted or that they acted in bad faith. Therefore, the Court concludes that Count III fails to state a claim upon which relief can be granted. Accordingly, the Court will grant Defendants' Motion To Dismiss with respect to Count III.

## CONCLUSION

In sum, the Court concludes that each of Plaintiff's Counts fails to state a claim upon which relief can be granted. Therefore the Court will grant Defendants' Motion To Dismiss (D.I. 10). Counts I and II will be dismissed with prejudice.

An Appropriate order will be entered.